## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | |
|---|---|
| John and Carolyn Geston, ) | |
| ) | |
| Plaintiffs, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION FOR STAY** |
| vs. ) | **PENDING APPEAL** |
| ) | |
| Carol K. Olson, in her official capacity ) | Case No. 1:11-cv-044 |
| as Executive Director of the North Dakota ) | |
| Department of Human Services, ) | |
| ) | |
| Defendant. ) | |

_____

Before the Court is the Defendant's motion for a stay pending appeal. See Docket No. 47. The Defendant seeks a stay of the Court's holding that Section 50-01.1-02.8(7)(b) of the North Dakota Century Code is preempted by federal law. The Court denies the motion.

A stay of a ruling pending an appeal is an extraordinary remedy. The Defendant has the burden to justify the stay based on the following factors: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent a stay; (3) potential for harm to other interested parties if the stay is granted; and (4) potential harm to the public interest if the stay is granted. Fargo Women's Health Org. v. Schafer, 1993 WL 603600, *2 (8th Cir. 1993) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987); James River Flood Control Assoc. v. Watt, 680 F.2d 543, 544 (8th Cir. 1982)). After weighing these factors, the Court finds the Defendant has failed to sustain its burden.

The Court held that North Dakota law is preempted by federal law. The Court's holding is in line with the only two federal circuit courts of appeals that have addressed the issue. See Geston v. Olson, 2012 WL 1409344, *14, 17-18 (D.N.D. April 24, 2012) (citing cases); James v. Richman, 547 F.3d 214 (3d Cir. 2008); Morris v. Okla. Dept. of Human Servs., -- F.3d --, 2012 WL 2689824

(10th Cir. 2012). The Defendant has failed to sustain its burden of showing the likelihood of success on the merits.

Irreparable harm is typically shown where the injuries cannot be fully compensated through an award of damages. Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312 (8th Cir. 2009); Wildmon v. Berwick Universal Pictures, 983 F.2d 21, 24 (5th Cir. 1992). The movant should demonstrate the injury is "both certain and great." Cuomo v. U.S. Nuclear Regulatory Comm'n., 772 F.2 972, 976 (D.C. Cir. 1985). The Defendant contends it will suffer irreparable harm because the state will be required to pay Medicaid benefits to those similarly situated and will be unable to recover the monies paid if the Eighth Circuit Court of Appeals reverses on appeal. However, as the Plaintiffs point out, a state may recover medical benefits incorrectly paid under the Medicaid plan. See 42 U.S.C. § 1396p(a)(1)(A). The Defendant has failed to sustain its burden and demonstrate that, if the Eighth Circuit reverses, North Dakota could not recover incorrect payments pursuant to 42 U.S.C. § 1396p(a)(1)(A), or that this federal remedy at law is otherwise inadequate.

The Defendant addresses the potential for injury to other interested parties and the public. The Defendant requests the stay so it may deny Medicaid eligibility to those similarly situated as the Plaintiffs. If a stay is granted, the Defendant has pledged to reverse eligibility decisions and make corrective payments for those erroneously denied if the Eighth Circuit affirms this Court's decision. This addresses the potential for injury to other interested parties if a stay is granted. However, this factor does not overcome the other factors to be considered in granting the extraordinary remedy of a stay pending on appeal.

The Court has carefully reviewed the parties' briefs and the relevant case law. In the exercise of its discretion, the Court finds that the Defendant has failed to demonstrate that a stay pending

appeal is warranted under the circumstances. Accordingly, the Court **DENIES** the Defendant's motion for stay pending appeal (Docket No. 47).

    **IT IS SO ORDERED.**

    Dated this 1st day of August, 2012.

                                                */s/  Daniel L. Hovland*
                                                Daniel L. Hovland, District Judge
                                                United States District Court